UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ARTHUR H. SCHADEL,
   Plaintiff,

vs.                                  No. 09-1338

LANCE EVANS, et al.,
   Defendants

## SUMMARY JUDGEMENT ORDER

This cause is before the court for consideration of the defendants' motion for summary judgement [d/e 30] and the plaintiff's response.

### I. BACKGROUND

The plaintiff filed his lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated by three defendants at Pontiac Correctional Center including; Lieutenant Lance Evans, Correctional Officer Cory Womble and Correctional Officer Lewis. After merit review, the court found the plaintiff had the following claims:

   a) Defendants Womble and Lewis used excessive force against the plaintiff on
   April 10, 2009 in violation of the Eighth Amendment;
   b) Defendant Evans failed to protect the plaintiff from the April 10, 2009, attack
   in violation of the Eighth Amendment;
   c) Defendants Womble, Lewis and Evans engaged in a conspiracy in violation of §1983
   to cover up the use of excessive force; and,
   d) Defendants Womble and Lewis committed the state law offense of battery on
   April 10, 2009. November 9, 2009 Merit Review Order.

Defendants Evans and Womble have filed a motion for summary judgement alleging that the plaintiff has failed to exhaust his administrative remedies as required.

### II. FACTS

The defendants have submitted copies of two documents:

June 8, 2009 Grievance- this grievance is signed by the plaintiff which states the defendants used excessive force against him on April 10, 2009. The grievance is stamped that it was received by the Office of Inmate Issues on June 24, 2009.

Letter from Administrative Review Board (herein ARB)- the letter is dated July 7, 2009. It states

1

that the board received a grievance from the plaintiff on June 24, 2009. The grievance is denied since it was submitted outside the 60 day time frame.

### III. LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56c. Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

### IV. ANALYSIS

The defendants argue that the plaintiff failed to exhaust his administrative remedies for his claims. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a).

The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v Zachary,* 255 F.3d 446, 450-51 (7th Cir. 2001). The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002)

> If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo,* 286 F.3d at 1025.

The defendants state an inmate must submit grievances directly to the Administrative Review Board if they are grieving issues that occurred at a different facility than the facility where they currently reside. 20 Il. Admin. Code 504.870. The grievance must be filed within 60 days after discovery of the incident or occurrence. 20 Il. Admin. Code 504.810. The entire process must be completed before a lawsuit is filed.

In the case before the court, the defendants argue that the grievance was not submitted in the proper time frame. The incident occurred on April 10, 2009, but it was not received by the ARB until June 24, 2009. The plaintiff maintains that he did file a timely grievance. The plaintiff says he mailed his grievance one day before the 60 day deadline expired, which is the date of the grievance, June 8, 2009. The defendants have not responded to the plaintiff's argument.

The Seventh Circuit Court of Appeals has never directly addressed whether placing a grievance in the prison mail system within the 60 day time frame is timely within the meaning of 20 Il. Admin. Code 504.810. However, the Supreme Court established the "mailbox rule" when it held that a pro se prisoner's notice of appeal was filed when delivered to prison officials. *Houston v. Lack*, 487 U.S. 266, 270 ,(1988). The Court noted the "unique" difficulties faced by pro se prisoner litigants, who "cannot take the steps other litigants can take to monitor the processing of their notices of appeal." *Id* Appellate and district courts have extended the mailbox rule (or versions of it) to other filings including: petitions for writs of habeas corpus, *Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir.1999), motions filed under Fed.R.Civ.P. 59(e), *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir.2001), and complaints under 42 U.S.C. § 1983, *Bekefeld v. Jansma*, 369 F.Supp.2d 1008, 1010 (N.D.Ind.2005).

At least one court has held that an inmate who put his grievance in the prison mail system within a required 10 day time frame had adequately exhausted his administrative remedies even though it was not received by the Administrative Review Board until after the deadline. *George v. Smith*, 2006 WL 3751407 (W.D.Wis. Dec. 12, 2006). *See also Dole v. Chandler*, 438 F.3d 804 (7th Cir.2006)(prisoner had filed a timely grievance appeal by placing his appeal in the prison mail system even though the grievance was never received by the prison officials).

While the court does not want to encourage plaintiffs to wait until the last minute to submit a grievance, considering the date the plaintiff gives a grievance to prison officials is the easiest, most practical way to verify when that grievance was "filed." The Supreme Court has noted that generally prisons "have well-developed procedures for recording the date and time at which they receive papers for mailing" and therefore prison officials are well-positioned to "dispute a prisoner's assertions that he delivered the paper on a different date." *Houston v. Lack*, 487 U.S. 266, 270 ,(1988).

In the case before the court, the defendants have not explained why a grievance placed in the mail on June 8, 2009, would not be considered "received" until 16 days later on June 24, 2009 How would a prisoner know that in order to satisfy the filing deadline, he must give his grievance to prison officials more than two weeks in advance? The court finds that the plaintiff did file a timely grievance and exhausted all available administrative remedies. The motion for summary judgement is denied. [d/e 30]

The court granted the defendants' motion to stay this proceeding pending the resolution of the dispositive motion. Therefore, the court will set new scheduling deadlines.

**IT IS THEREFORE ORDERED that:**

1. **The defendants' motion for summary judgment is denied [d/e 30].**

2. **The court will abide by the following scheduling deadlines: 1) all discovery must be completed on or before December 1, 2010; and 2) any further dispositive motion must be filed by January 10, 2011.**

Enter this 7th day of July, 2010.

\s\**Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE